1999-NMCA-129

990 P.2d 219

Mella RIVERA, Personal Representative of the Estate of Reymundo Rivera, Mella Rivera, Steve Serrano, and Yvette Rivera–Serrano, Plaintiffs–Appellants,

v.

Pete Anthony TRUJILLO, d/b/a Mountain View Trucking Company, et al. Defendants–Appellees.

No. 19,403.

Court of Appeals of New Mexico.

July 28, 1999.

Certiorari Denied, No. 25,911, Sept. 13, 1999.

Paul D. Mannick, Coppler & Mannick, P.C., Santa Fe, for Plaintiffs–Appellants.

James P. Sullivan, Kristin McKeever, Hatcher & Sullivan, P.A., Santa Fe, for State Defendants–Appellees.

Emily A. Franke, Butt, Thornton & Baehr, P.C., Albuquerque, for Pete Anthony Trujillo d/b/a Mountain View Trucking and Harvey Zarling.

Grace Philips, Montgomery & Andrews, P.A., Santa Fe, for Duke City Lumber, Inc.

## OPINION

ARMIJO, Judge.

{1} In this personal injury case, Plaintiffs appeal the district court's grant of Defendants' motion for summary judgment. Plaintiffs argue that summary judgment was inappropriate due to the existence of a genuine dispute of material fact. They also challenge the district court's exclusion of an accident report from evidence and refusal of Plaintiffs' motion for reconsideration. Finding no error below, we affirm the district court's order.

## BACKGROUND

{2} Plaintiffs were injured when a vehicle driven by Steve Serrano (Serrano), one of the Plaintiffs, collided with a semitruck. Based largely on Serrano's July 10, 1997 deposition testimony, Defendants filed a motion for summary judgment on October 31, 1997. The district court convened a hearing on the motion on March 2, 1998. Defendants argued that the undisputed evidence established that the proximate cause of the accident was Serrano's loss of consciousness while driving and not any act or omission of any Defendant.

{3} Opposing summary judgment, Plaintiffs submitted Serrano's November 21, 1997, affidavit, which stated that his deposition testimony should not be construed as an admission to his having lost consciousness immediately prior to the accident. Plaintiffs also submitted the police report of the accident. In its narrative portion, the report stated that, immediately after the accident, Serrano told the investigating officer: he was driving south on U.S. 84/285; he did not know how fast he was going; he looked to his right for a moment and, when he looked front, he saw the truck, which had almost stopped and which had its right turn signal on; and he applied his brakes, but could not stop. Plaintiffs argued, based upon these submissions, that there was a genuine dispute as to whether Serrano lost consciousness prior to impact. The trial court refused to admit the report, citing Rule 1–056(E) NMRA 1999 (requiring affidavits based on personal knowledge for a summary judgment motion) and NMSA 1978, § 66–7–213(B) (1989) ("Except as otherwise provided in this section, no accident report shall be used as evidence in any trial, civil or criminal, arising out of an accident."), and did not accept Serrano's affidavit as creating a genuine dispute of material fact. The trial court issued its formal order granting Defendants' motion on March 10, 1998.

{4} That same afternoon, Plaintiffs moved the court to reconsider its order, attaching portions of an October 30, 1997, deposition of the officer who had originally investigated the accident and authored the previously rejected report. Plaintiffs again argued that there was a genuine dispute as to whether Serrano had lost consciousness prior to impact, thus causing the accident.

{5} The trial court denied Plaintiffs' motion to reconsider, noting that the officer's deposition was not before the court at the time of its previous ruling. The court further noted that Plaintiffs had failed to show that the testimony would be admissible at trial or that it created a genuine issue of material fact.

*DISCUSSION*

{6} Plaintiffs raise several issues on appeal. We address Plaintiffs' challenges regarding: (1) Serrano's deposition and affidavit testimony, (2) exclusion of the accident report, and (3) the district court's refusal to reconsider its entry of summary judgment. Because of our disposition and the reasons noted below, we need not address Plaintiffs' other issue.

**1.** *Serrano's Deposition and Affidavit Testimony*

{7} The general rules of summary judgment are well established. Once a movant has made a successful prima facie showing, the nonmovant can defeat the motion by demonstrating a genuine dispute of material fact. *See Cates v. Regents of the New Mexico Inst. of Mining & Tech.*, 1998–NMSC–002, ¶ 24, 124 N.M. 633, 954 P.2d 65. We construe reasonable doubts as to the existence of a genuine factual dispute in the nonmovant's favor. *See Lotspeich v. Golden Oil Co.*, 1998–NMCA–101, ¶ 10, 125 N.M. 365, 961 P.2d 790. In the present case, we are faced with the question of whether an apparent contradiction between a nonmovant's testimony at deposition and subsequent affidavit is sufficient to create a genuine dispute of material fact.

{8} We note that this question is not susceptible to a universally applicable answer. Prior case law indicates that "where a factual conflict exists in plaintiffs' testimony, summary judgment is improper because we do not weigh the evidence." *Sanders v. Smith*, 83 N.M. 706, 710, 496 P.2d 1102, 1106 (Ct.App.1972); *see also Martinez v. Metzgar*, 97 N.M. 173, 174, 637 P.2d 1228, 1229 (1981); *Kelly v. Montoya*, 81 N.M. 591, 593, 470 P.2d 563, 565 (Ct.App.1970). However, while it is not the judge's role to weigh the evidence at summary judgment, Rule 1–056(C) requires that the claimed dispute of fact be *genuine*. *See Apodaca v. Atchison, Topeka & Santa Fe R.R.*, 67 N.M. 227, 230, 354 P.2d 524, 526 (1960) (rejecting nonmovant's affidavit which contradicted prior deposition testimony and was "well calculated to circumvent the motion for summary judgment"); *Pedigo v. Valley Mobile Homes,*

*Inc.*, 97 N.M. 795, 798, 643 P.2d 1247, 1250 (Ct.App.1982) (finding no genuine dispute of fact in "self-serving" affidavit that was "factually unsupported" and not based upon "personal knowledge"); *cf. Lotspeich*, 1998–NMCA–101, ¶¶ 12–13, 125 N.M. 365, 961 P.2d 790 (reversing summary judgment where nonmovant's affidavits were "neither conclusory nor without a factual base"). Ultimately, the determination of whether a genuine factual dispute exists is a question of law. *See Coates v. Wal–Mart Stores, Inc.*, 1999–NMSC–013, 127 N.M. 47, 976 P.2d 999.

{9} We note that in applying the federal counterpart to our Rule 1–056, virtually every federal circuit has recognized that a nonmovant will not be allowed to defeat summary judgment by attempting to create a sham issue of fact. *See Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 954 (9th Cir. 1999); *Schiernbeck v. Davis*, 143 F.3d 434, 438 (8th Cir.1998); *Cowan v. Prudential Ins. Co. of America*, 141 F.3d 751, 756 (7th Cir. 1998); *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 198 (4th Cir.1997); *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 619 (2d Cir.1996); *Rios v. Bigler*, 67 F.3d 1543, 1551 (10th Cir.1995); *Farrell v. Automobile Club of Michigan*, 870 F.2d 1129, 1131–32 (6th Cir.1989); *Martin v. Merrell Dow Pharm., Inc.*, 851 F.2d 703, 706 (3d Cir.1988); *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir.1986); *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980); *United States v. General Motors Corp.*, 518 F.2d 420, 441 (D.C.Cir.1975). We adopt this rule as consistent with New Mexico law.

{10} Turning to the facts of this appeal, we conclude that Serrano's affidavit failed to create a genuine factual dispute. Under questioning from the defense attorney, Serrano repeatedly stated at his deposition that he had "blacked out" and could not "remember" anything immediately prior to the accident. Under questioning by his own attorney, Serrano did not waiver in his testimony regarding his losing consciousness before the accident:

**Attorney:** Steve, when the attorney here asked you if you blacked out before the

accident, what do you understand the word blackout to mean?

**Serrano:** Blackout? More or less passing out, losing consciousness.

**Attorney:** So are you saying that you lost consciousness while driving before you hit the truck?

**Serrano:** Yes.

Serrano's attorney continued his questioning at the deposition:

**Attorney:** If I were to tell you that a blackout means that you all of a sudden lose consciousness, and let's say if you were driving, you wouldn't be able to— the car would lose control, is that consistent with what you know of as a blackout?

**Serrano:** Yes.

**Attorney:** So is it fair to say then that while you don't remember what happened after that point on the bridge, do you believe that while you were driving before you hit the truck, you just lost consciousness?

**Attorney (for Defendant):** The question has been asked and answered. Go ahead, Steven, if you want.

**Serrano:** Yes.

{11} Plaintiffs argue that Serrano's deposition testimony should not be construed as an admission to having lost consciousness. They contend that Serrano was confused during his deposition as to the definition of the term "blackout." In Serrano's affidavit, he testified:

1. During my deposition in this case on July 10, 1997, I stated that just prior to the accident I "blacked out."

2. At the time of the deposition, I misunderstood the term "blackout" and did not understand what my words meant. I meant to say that I have suffered a loss of memory, that is, a "blackout" about the accident of November 23, 1994 and I tried to explain my understanding of "blackout" during my testimony.

3. I now understand that a "blackout" also means loss of consciousness.

4. When I testified during my deposition that I "blacked out" a few moments prior to the accident, what I meant to say was that, after the accident, I could not remember what happened moments before the accident or during the accident. To the best of my knowledge, I never lost consciousness prior to the accident, and never intended to say that I did.

{12} We conclude, as did the district court, that this affidavit fails to create a genuine dispute of fact. While Serrano testified by affidavit that he "misunderstood the term 'blackout'" at his deposition, his testimony at deposition indicates that he understood the term's meaning; indeed, he was repeatedly questioned on this point. Such post-hoc efforts to nullify unambiguous admissions under oath will not create a factual dispute sufficient to evade summary judgment.

## 2. *The Accident Report*

{13} The district court refused to admit the police accident report for summary judgment purposes because it was not an affidavit and was not presented with other sworn testimony based on personal knowledge. *See* Rule 1–056(E); *see also Martinez,* 97 N.M. at 174, 637 P.2d at 1229. We review this decision for an abuse of discretion. *See Pierce v. State,* 121 N.M. 212, 229, 910 P.2d 288, 305 (1995). We conclude that the district court did not abuse its discretion.

{14} Plaintiffs offered no affidavit or sworn testimony authenticating the accident report. Moreover, none of the statements reported were given under oath, and the officer who made the report was not present at the time of the accident. Thus, the accident report, standing alone, fails to meet either the form or substantive requirements of Rule 1–056. Furthermore, we note that even if some of the statements contained in the accident report may have qualified as excited utterances or prior consistent statements, Plaintiffs failed to verify the contents of the report, by affidavit or otherwise. We therefore find no abuse of discretion in the district court's refusal to admit the report. *See Cordova v. City of Albuquerque,* 86 N.M. 697, 702, 526 P.2d 1290, 1295 (Ct.App.1974) (upholding trial court's exclusion of police-investigative report in summary judgment

motion because it was not in the proper form of an affidavit); *cf. Archuleta v. Goldman,* 107 N.M. 547, 551–52, 761 P.2d 425, 429–30 (Ct.App.1987) (deciding that the trial court properly considered an affidavit that sufficiently demonstrated personal knowledge.)

{15} Plaintiffs also dispute the use of Section 66–7–213(B) to preclude admission of the accident report and they challenge the statute as an unconstitutional legislative infringement on judicial powers. We need not address the use of the statute to preclude the report, as we have decided the matter per Rule 1–056. As to Plaintiffs' constitutional argument, we also do not address this issue because it was raised for the first time on appeal. *See City of Carlsbad v. Grace,* 1998–NMCA–144, ¶ 15, 126 N.M. 95, 966 P.2d 1178.

### 3. *The Motion to Reconsider*

▮ {16} Plaintiffs next challenge the district court's denial of their motion to reconsider. We review this question also for an abuse of discretion. *See Parsons v. Keil,* 106 N.M. 91, 93, 739 P.2d 505, 507 (1987). We conclude the trial court did not abuse its discretion in rejecting Plaintiffs' motion.

{17} As noted above, Plaintiffs moved to reconsider the order granting the motion for summary judgment and attached a portion of the officer's deposition testimony that summarized Serrano's comments to the officer:

Well, I had asked him what had happened. I said, just basically tell me what happened. And he told me, you know, that he was driving south and conversing with Mr. Rivera. That he looked over. When he looked in front he saw the truck had slowed down and was preparing to turn, and that he tried to stop but collided with it.

This statement contradicts Serrano's deposition testimony, and purports to support his affidavit. Notably, however, the officer's deposition was taken on October 30, 1997, the day before Defendants filed their motion for summary judgment. Plaintiffs filed their response to the motion on November 21, 1997, relying, however, solely on the accident report as evidence of the apparent dispute regarding when Serrano lost consciousness.

Despite being in possession of the officer's deposition testimony for approximately four months prior to the March 2, 1998 hearing on Defendants' motion, Plaintiffs did not bring it before the court until the afternoon the court issued its March 10, 1998, order.

{18} In denying the motion to reconsider in this case, the trial court stated:

[A]t the time of the ruling on the summary judgment motion the affidavit, that is, the deposition that is sought to be used in opposition to the motion was not used, the accident report was referred to.

. . . .

The rule [Rule 1–056] contemplates that if there [are] additional matters that they wish the Court to consider, that an affidavit be filed prior to the hearing indicating what additional matters would aid in the resolution of the motion for summary judgment. That was not done.

And, finally, even had the Court considered the deposition testimony of the officer, the Court[ is] not persuaded that the deposition testimony—some of it is either, one, inadmissible; or, number two, if admissible would create a question of material fact.

{19} In issuing this ruling, the district court exercised its discretion *not* to consider the untimely presented deposition testimony, expressing its opinion that, even if admitted, the deposition testimony would not have changed the result. We note that the district court could have decided otherwise. *Cf. In re Estate of Keeney,* 121 N.M. 58, 61, 908 P.2d 751, 754 (Ct.App.1995) (finding no abuse of discretion in district court's review of untimely filed materials submitted on motion for reconsideration of summary judgment where untimely filing was due to counsel's negligence). However, we are not prepared to hold that it abused its discretion. The only apparent reason for the untimely filing was counsel's failure to do so. Simply, we do not construe rejection of such an untimely argument to have been an abuse of discretion. In so holding, we note that the trial court expressed concern that the Plaintiffs did not act in good faith in opposing the summary judgment motion.

CONCLUSION

{20} It was Plaintiffs' burden to demonstrate the existence of a genuine issue of material fact. They failed to satisfy this obligation in a timely manner. On the facts of this case, we are not persuaded that the district court committed error. We therefore affirm the district court's entry of summary judgment in Defendants' favor.

{21} **IT IS SO ORDERED.**

APODACA and SUTIN, JJ., concur.