This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANNE NEWBURY,**

Plaintiff-Appellant,

v.                                             **NO. 29,695**

**TOM MOODY,**

Defendant,

and

**SAM VALENCIA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel A. Sanchez, District Judge**

The Bennett Firm
Merit Bennett
Talia V. Kosh
Santa Fe, NM

for Appellant

The Simons Firm, LLP
Thomas A. Simons, IV

Frieda Simons Burnes
Santa Fe, NM

for Appellee

# **MEMORANDUM OPINION**

**WECHSLER, Judge.**

Plaintiff appeals an order of summary judgment granted in favor of Defendant Sam Valencia and staying proceedings against Defendant Tom Moody pending the outcome of this appeal. [RP 535] We proposed to affirm in a notice of proposed summary disposition. Valencia filed a timely memorandum in support, and Plaintiff filed a timely memorandum in opposition. Remaining unpersuaded by Plaintiff's memorandum, we affirm the order granting summary judgment to Valencia.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582; *accord* Rule 1-056(C) NMRA. "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citation omitted); *see Ciup v.*

*Chevron U.S.A., Inc.*, 1996-NMSC-062, ¶ 7, 122 N.M. 537, 928 P.2d 263 (stating that once the movant makes a prima facie case, the burden "shifts to the opponent to show at least a reasonable doubt, rather than a slight doubt, as to the existence of a genuine issue of fact"). We review the grant of a motion for summary judgment de novo. *See Self*, 1998-NMSC-046, ¶ 6.

**The Alleged Sexual Assault Was Not Foreseeable**

In our notice of proposed summary disposition, we proposed to hold that Valencia could not be liable for the alleged sexual assault committed by Moody because the assault was not foreseeable. *Cf. Romero v. Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 7, 146 N.M. 520, 212 P.3d 408 (observing that even though a business owner has a duty to protect customers from harm caused by the criminal actions of a third person, this duty extends only to conduct and any resultant harm that was foreseeable), *cert. denied*, 2009-NMCERT-005, 146 N.M. 728, 214 P.3d 793. In our previous notice, we reviewed the materials submitted by Valencia in support of his motion for summary judgment. Valencia submitted his own affidavit and portions of the deposition of Plaintiff and her companion showing that Plaintiff willingly entered the bedroom with Moody, Plaintiff willingly consumed significant quantities of alcohol both before and after arriving at Valencia's residence, Plaintiff willingly

ingested Valium offered by Moody, and Plaintiff and Moody willingly consumed some quantity of cocaine offered by Valencia. [RP 146, 151, 156, 160, 164-167] Valencia also submitted sworn testimony establishing that he had no reason to know of any violent tendencies by Moody and no reason to know that Moody presented any danger to Plaintiff or that Plaintiff ever felt frightened while in Moody's company. [RP 141, 148, 163, 164-167]

Based upon these submissions, we proposed to hold that Valencia established a prima facie case that Moody's actions in allegedly sexually assaulting Plaintiff were not foreseeable because there was no evidence that Valencia either knew or should have known that Moody posed a risk of harm or that Valencia needed to control Moody's activities. [RP 120-139; DS 4] Therefore, Valencia established that he could not be liable for any alleged negligence in failing to protect Plaintiff from Moody's actions or the resulting injury. *Cf. Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 21, 134 N.M. 43, 73 P.3d 181 (observing that a duty may arise if the defendant realized or should have realized that his or her conduct "created a situation in which a third person might avail himself or herself of the opportunity to commit criminal acts" such that the defendant could be said to have created or increased a risk of harm through the criminal conduct); *Sarracino v. Martinez*, 117

4

N.M. 193, 195-96, 870 P.2d 155, 157-58 (Ct. App. 1994) ("[T]he criminal acts of a third person will not relieve a negligent defendant of liability if the defendant should have recognized that his or her actions were likely to lead to that criminal activity."). It was then Plaintiff's burden to establish facts necessitating a trial. *See Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-45.

In response, Plaintiff claimed that because Valencia supplied the cocaine and alcohol to invitees in his home with the intent to have an "orgy," there was a foreseeable risk that additional criminal activity, including sexual assault, would occur, and Valencia is therefore liable for the resultant harm. [DS 4-5; RP 434] She further argued that Valencia acknowledged the foreseeability of Moody's criminal action and ratified it by dissuading Plaintiff from reporting the alleged sexual assault because drugs were involved. [DS 5; RP 425] We proposed to hold that these submissions failed to rebut Valencia's prima facie case showing that Plaintiff's injury was not foreseeable. *See Herrera*, 2003-NMSC-018, ¶ 20 (observing that, "no one is bound to guard against or take measures to avert that which he [or she] would not reasonably anticipate as likely to happen" (alteration in original) (internal quotation marks and citation omitted)); *see Johnstone v. City of Albuquerque*, 2006-NMCA-119, ¶ 8, 140 N.M. 596, 145 P.3d 76 (noting that a defendant can only be liable for harm

that he could "objectively and reasonably expect, not merely what might conceivably occur" (internal quotation marks and citation omitted)).

In proposing to hold that Plaintiff had failed to establish that Valencia could objectively and reasonably expect that Moody might sexually assault Plaintiff, we observed that there was no evidence that Valencia had any indication that Moody might be violent or might commit a sexual assault. We also observed that Plaintiff failed to provide any testimony or evidence tying the use of cocaine to violence. *Cf. Romero*, 2009-NMCA-059, ¶¶ 10-11 (observing that the plaintiff submitted police logs and deposition testimony showing "prior reports of theft of gasoline and alcohol, physical altercations involving loiterers, domestic violence, harassment, traffic accidents, vandalism, trespassing, suspicious persons, . . . wild and stray animals at the service station[, and] commercial robberies and incidents involving narcotics" but also observing that there was "no evidence of anything remotely similar to the deliberate, targeted shootings in this case" and therefore holding that "the type of crime which is at issue in this case, specifically, a sudden, deliberate and targeted shooting, is [not] sufficiently commonplace that business proprietors should be categorically required to foresee such occurrences").

In her memorandum in opposition, Plaintiff cites to numerous law review

articles and other publications that allegedly tie the use of cocaine and alcohol to various types of violent or criminal behavior and indicate that Plaintiff could not be expected to make reasonable decisions. [MIO 12-17] However, none of this material was before the district court and none of it is part of the record. Therefore, we will not consider this material in determining whether Plaintiff rebutted Valencia's prima facie case. *See Largo v. Atchison, Topeka & Santa Fe Ry. Co.*, 2002-NMCA-021, ¶ 33, 131 N.M. 621, 41 P.3d 347 (filed 2001) (refusing to consider exhibits that were attached to the defendant's answer brief that were not before the district court until after the motion for summary judgment was granted because "[m]atters not of record are not considered on appeal").

In the absence of any information tying the use of cocaine and alcohol to the likelihood of sexual assault, we remain unconvinced that Plaintiff rebutted Valencia's prima facie case establishing that he did not have a duty to prevent the alleged sexual assault because the assault was not foreseeable as a matter of law. In addition, Plaintiff's attempt to rely on cases where the harmful result was foreseeable is unavailing because in those cases there was evidence introduced at the district court level establishing that the harm that resulted was actually foreseeable. [MIO 18-24] *See, e.g.*, *Reichert v. Atler*, 117 N.M. 623, 624-27, 875 P.2d 379, 380-83 (1994)

(recognizing that a bar owner may be liable for failing to protect a patron from a foreseeable assault from another patron and also recognizing that the shooting was foreseeable because: (1) the victim had previously told the bar owner's representative that the perpetrator had a history of violence, carried a gun, and had previously killed someone; and (2) the bar had a reputation as being very dangerous and had been the site of numerous shootings, stabbings, and assaults).

For example, Plaintiff cites to *Herrera* to support her contention that Valencia must be responsible because he created a situation that allowed the sexual assault to occur. [MIO 23-24, 26-27] However, in that case there was evidence to support a finding of foreseeability. In *Herrera*, our Supreme Court held that the theft of a car and resulting accident were foreseeable results of the defendant's actions in leaving the car unattended and unlocked with the keys in the ignition. 2003-NMSC-018, ¶¶ 23, 24. Moreover, in *Herrera*, the plaintiff had introduced evidence in the district court establishing the foreseeability of the harm, including an affidavit from a sociologist alleging that Albuquerque has the second highest rate of car thefts in the nation, that cars that are unlocked with the keys in the ignition are more likely to be stolen, and that stolen vehicles are more likely to be involved in accidents. *Id.* ¶¶ 3, 23-24. In addition, the sociologist relied on studies showing that "the accident rate

for stolen cars [to be] approximately 200 times the accident rate for cars that have not been stolen". *Id.* ¶ 3 (alteration in original) (internal quotation marks omitted).

Plaintiff also contends that Valencia knew the alleged sexual assault was foreseeable because he dissuaded her from reporting the alleged sexual assault to the authorities because drugs were involved and Valencia did not seem interested in what Plaintiff was telling him. [MIO 27-28] We fail to see how a verbal attempt to dissuade Plaintiff from reporting the alleged sexual assault based on the fact that all of the participants had used illegal drugs is indicative of any kind of advance knowledge that the sexual assault was more likely to occur because the parties were using drugs.

Finally, we our unpersuaded by Plaintiff's citation to out-of-state authority [MIO 28-29] because those cases, similar to New Mexico precedent, only stand for the proposition that an owner or proprietor has a duty to protect against crimes committed, or harm caused, by other persons when the crime or harm was foreseeable. To summarize, Valencia made a prima facie showing that he could not be liable for negligence because he could not foresee the criminal assault allegedly committed by Moody. Plaintiff failed to rebut Valencia's prima facie case because she failed to make a showing to the district court that Valencia was aware or should have been

aware that Moody might commit a sexual assault. *Cf. Chavez v. Torres*, 1999-NMCA-133, ¶¶ 23-25, 128 N.M. 171, 991 P.2d 1 (recognizing that when the homeowner, the mother of the assailant, had direct knowledge that the assailant was a threat to his girlfriend who was in the home, the question of the homeowner's liability would have presented an issue of fact but for the fact that the homeowner was away from home at the time of the assault). Furthermore, Plaintiff has failed to cite to any case in which a court has concluded that a homeowner's act of supplying adult invitees with an illegal substance imposes a duty on that homeowner to prevent a sexual assault by one invitee on another. *See Romero*, 2009-NMCA-059, ¶ 12 (recognizing that the plaintiffs failed to alert the Court "to any case in which a court concluded that a business operator had a duty to prevent [the type of harm that occurred in that case:] a sudden, deliberately targeted assassination of customers on its premises").

Based upon the foregoing, we conclude that the district court correctly granted summary judgment in favor of Valencia on Plaintiff's claims that Valencia was responsible for the harm caused by Moody's actions in allegedly sexually assaulting her.

**Assault and Battery**

10

Plaintiff also contends that the trial court erred in determining that Valencia did not assault and batter her given the facts presented to the court on Valencia's summary judgment motion. [MIO 30-31; DS 5] She contends that Valencia's unwelcome kiss amounts to assault and battery even if she was "confused" at the time of her deposition as to whether Valencia assaulted or battered her. [MIO 30] We disagree.

At the time of her deposition, although Plaintiff admitted that Valencia kissed her, she made no claims about being in fear and expressly stated that he did not assault or batter her. [RP 159; DS 5] Moreover, at the time of her deposition, she stated that the kiss ended as soon as she indicated her resistance. [RP 159, 497] We are unconvinced that Plaintiff's later attempt to turn an unwelcome but non-threatening kiss into assault and battery in contradiction of her earlier sworn testimony is sufficient to establish a material issue of fact precluding summary judgment. *See Rivera v. Trujillo*, 1999-NMCA-129, ¶ 12, 128 N.M. 106, 990 P.2d 219 (holding that "post-hoc efforts to nullify unambiguous admissions under oath will not create a factual dispute sufficient to evade summary judgment").

**Conclusion**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm the order granting summary judgment in favor of Defendant

11

Sam Valencia.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**