This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DUSTY STONE,**

     Plaintiff / Counterdefendant-Appellant,

v.                                    **NO. 34,116**

**ROBIN H. SMITH and ALETA SMITH,**

     Defendants / Counterplaintiffs-Appellees.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, Jr., District Judge**

Dusty Stone
San Jon, NM

Pro Se Appellant

Donald C. Schutte
Tucumcari, NM

for Appellees

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Plaintiff-Appellant Dusty Stone (Plaintiff) appeals, in a self-represented capacity, from the district court's order granting Defendants-Appellees Robin H. Smith and Aleta Smith's (Defendants) motion for summary judgment [RP v.1/202] as well as the district court's judgment in favor of Defendants' counterclaim for malicious abuse of process. [RP v.2/582; DS 8–9] This Court issued a second notice of proposed summary disposition proposing to affirm. Plaintiff has filed a second memorandum opposing this Court's proposed disposition. Having given due consideration to Plaintiff's arguments in opposition, we remain unpersuaded. Accordingly, we affirm.

**Issue 1: Failure to Consider Admissible Evidence**

{2}     Plaintiff continues to argue that the district court did not consider admissible evidence in the form of exhibits presented with and referenced in the pleadings below. [2 MIO 1; DS 8; MIO 2] Plaintiff asserted that the only grounds upon which he disagreed with this Court's proposed summary affirmance was this Court's statement that Plaintiff did not meet his burden of providing a full picture of the facts material to consideration of his issue in his docketing statement, including facts in support of the district court's ruling. [MIO 2] Our second notice observed that Plaintiff stated that he agreed with our proposed summary disposition that the district court stated that it "reviewed the pleadings" [RP v.1/102] and that Plaintiff explained the exhibits to

2

the district court. [MIO 2; 2 CN 1–2] Our second notice further observed that Plaintiff has not provided this Court with any additional facts or otherwise explained to this Court why the facts provided in the docketing statement with respect to this issue were adequate. [2 CN 1–2] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). As Plaintiff's second memorandum in opposition fails to provide any additional argument, facts, or law in support of his continued contention, we affirm. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law.").

**Issue 2: Summary Judgment**

{3}     Plaintiff continues to challenge the district court's grant of Defendants' motion for summary judgment. [2 MIO 1; MIO 3]

{4}     Our second notice proposed to affirm on two alternative grounds. First, our notice observed that Plaintiff's complaint asserts that Defendants violated three criminal statutes, and such an assertion results in a criminal, not civil, cause of action. [2 CN 3] In response, Plaintiff concedes that the statutes cited are not relevant to his

civil cause of action and were cited only to alert this Court to Defendants' allegedly illegal conduct. [2 MIO 4]

**{5}** Second, our notice observed that Plaintiff, in prior litigation, made the same claims about the cattle guards and fencing against Quay County as he now asserts against Defendants. [2 CN 7] Our notice observed that although Plaintiff later attempted to retract his statement, justifying this shift in position by stating that "Plaintiff had been mislead by Defendants' action[,]" [RP 160] Plaintiff's later-filed statement did not establish a dispute as to a genuine issue of material fact. [2 CN 7] *See Rivera v. Trujillo*, 1999-NMCA-129, ¶¶ 1-2, 12, 128 N.M. 106, 990 P.2d 219. In response, Plaintiff asserts that he has obtained "new and accurate sworn statements supported with evidence[.]" [2 MIO 7] It is insufficient, however, for Plaintiff to merely state that his change in position is due to new information, without specifically setting forth the nature of that new information. *Id.* ¶ 8 ("[W]hile it is not the judge's role to weigh the evidence at summary judgment, Rule 1-056(C) NMRA requires that the claimed dispute of fact be *genuine*.").

**{6}** Relevant to his continued contention that the district court's grant of summary judgment was in error, Plaintiff relies on *Trigg v. Allemand*, 1980-NMCA-151, 95 N.M. 128, 619 P.2d 573, for the proposition that Defendants have prevented Plaintiff from using a public road. [2 MIO 4] We remain unpersuaded. In *Trigg*, a defendant,

along with other landowners, loggers, and former landowners continuously used a road without the permission of the plaintiff, and "such use [was] in an open, uninterrupted, peaceable, notorious and adverse manner under claim of right for a period in excess of ten years with the knowledge or imputed knowledge of [the plaintiff]." *Id.* ¶ 4. Our Court held that a prescriptive easement for the benefit of the public was established across the plaintiff's land. *Id.* ¶ 17. We do not consider the present circumstances to be analogous. Plaintiff does not assert that he has used any portion of Defendants' property in a manner consistent with the establishment of a prescriptive easement. To the extent that Plaintiff invites this Court to adopt such a position, we decline to do so on the grounds that Plaintiff did not argue that he had a prescriptive easement below. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

{7}    We affirm for the reasons stated above and in our notice of proposed summary disposition.

**Issue 3: Consideration Given to Pleadings, Evidence, and Testimony**

{8}    Plaintiff continues to challenge whether "the district court [gave] proper consideration to all pleadings, evidence and testimony to form the orders as they are

currently formed[.]" [MIO 10; 2 MIO 9] Plaintiff's first memorandum in opposition emphasized that "the perjury and fraud[] committed by Defendant[s]" is integral to our analysis of this issue. [MIO 9] Our second notice observed that Plaintiff's claims of perjury and fraud against Defendants are not properly before this Court. [2 CN 10] Our second notice further explained that Plaintiff has not pointed out any specific errors in the district court's judgment and order that would have us reconsider our proposed disposition. [2 CN 10] Plaintiff's second memorandum in opposition does not inform this Court about specific factual or legal errors to indicate that the district court failed to consider all pleading, evidence, and testimony, but instead reiterates the reasons why Plaintiff believes his claim has legal merit. [2 MIO 9–12] As Plaintiff has failed to point out specific errors as to why the district court did not consider all relevant pleadings, evidence, and testimony, we affirm. *See Hennessy*, 1998-NMCA-036, ¶ 24 (stating that the party opposing a proposed summary disposition has the burden of demonstrating specific errors in fact or law).

**Issue 4: Denial of Jury Trial**

{9}     Plaintiff continues to argue that he was erroneously denied a jury trial. [2 MIO 10] Our second notice proposed to affirm on the basis that Plaintiff did not adequately preserve this issue for appellate review. [2 CN 10] Our notice observed that Plaintiff did not object to proceeding to a hearing on the merits based on the fact that he was

6

denied a jury trial, that Plaintiff never requested a jury trial with respect to Defendants' counterclaim, and that when Defendants' attorney requested a bench trial, Plaintiff made no objection. [2 CN 10] Our notice instructed Plaintiff, in any memorandum in opposition, to provide this Court with the specific facts relevant to this issue, any objection made, the Defendants' response, and the stated basis for the district court's ruling, if any. [2 CN 12] Plaintiff has not provided this information in his second memorandum in opposition. [2 MIO 12] As Plaintiff raises no new arguments, facts, or law in support of his continued contention, we affirm for the reasons set forth in our second notice. *See Sisneros*, 1982-NMSC-068, ¶ 7 ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law.").

**Issue 5: Judicial Recusal**

{10}    Plaintiff's second memorandum in opposition does not continue to argue that Judge Albert J. Mitchell, Jr., who presided over the district court proceedings in the instant case, erred by not disqualifying himself. [MIO 11; DS 9] Because Plaintiff has not responded to our proposed summary disposition with respect to this issue, we consider this issue to have been abandoned. *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed

7

disposition of that issue). Relying on the reasoning set forth in our first and second notices, we affirm.

{11}     For the reasons set forth above and in our notice of proposed summary disposition, we affirm.

{12}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**M. MONICA ZAMORA, Judge**