This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**PROPERTY OWNERS COMMITTEE OF RANCHO RUIDOSO VALLEY ESTATES,**
**Plaintiff-Appellee,**
**v.**
**Y'HOSHUA COHEN, a/k/a RABBI Y'HOSHUA COHEN,**
**Defendant-Appellant,**
**and**
**NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS,**
**Defendant.**

Docket No. A-1-CA-37418
COURT OF APPEALS OF NEW MEXICO
May 6, 2019

APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY, Daniel A. Bryant, District Judge

**COUNSEL**

Richard A. Hawthorne, Ruidoso, NM for Appellee

Y'hoshua Cohen, Alto, NM Pro Se Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  M. MONICA ZAMORA, Chief Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant has appealed following the entry of an award of summary judgment in Plaintiff's favor. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     As an initial matter we note that, like the docketing statement, the memorandum in opposition fails to identify issues with specificity. However, after reading Defendant's submission with care, we understand Defendant's contentions to be as follows.

**{3}**     First, Defendant takes issue with the manner in which court records are made available, specifically contending that self-represented litigants are unfairly disadvantaged by limitations on electronic access. [MIO 7] This is largely a product of rules of procedure issued and/or approved by our Supreme Court, over which we generally lack authority. *See generally* Rule 1-005.2 NMRA; *State v. Serna*, 2013-NMSC-033, ¶ 14, 305 P.3d 936 ("The ultimate rule making authority over procedure resides in [the New Mexico Supreme Court], including the rules of evidence. [The New Mexico Supreme] Court's plenary authority to regulate procedure stems from our constitutional power of superintending control over all inferior courts." (internal quotation marks and citations omitted)); *cf. Lovelace Med. Ctr. v. Mendez*, 1991-NMSC-002, ¶ 15, 111 N.M. 336, 805 P.2d 603 ("[R]ules relating to pleading, practice and procedure in the courts, particularly where those rules relate to court management or housekeeping functions, may be modified by a subsequent rule promulgated by the Supreme Court"). We acknowledge that electronic access may be a significant convenience. However, under the circumstances presented, we decline to entertain Defendant's suggestion that access via traditional means violates self-represented litigants' constitutional rights. *See generally Gallegos v. Sw. Cmty. Health Servs.*, 1994-NMCA-037, ¶ 17, 117 N.M. 481, 872 P.2d 899 ("Under the minimum or rational basis level of scrutiny, [a rule of procedure] is presumed constitutional, and the burden is on [the p]laintiff to demonstrate that it is clearly arbitrary and unreasonable, not just that it is possibly so."); *see also* Headley v. Morgan Mgmt. Corp., 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining that this Court has no duty to review an argument that is not adequately developed with facts, citation to the record, and authority).

**{4}**     Next, we understand Defendant to renew his argument that the district court erred in failing to ensure that a scheduling order was entered, and in failing to hear a motion to dismiss pursuant thereto. [MIO 8] However, as we observed in the notice of proposed summary disposition, [CN 2-3] Defendant failed to bring this to the district court's attention in a timely fashion; and absent a showing of prejudice, Defendant's assertions of error present no basis for relief. *See generally Mitchell v. Allison*, 1949-NMSC-070, ¶ 14, 54 N.M. 56, 213 P.2d 231 ("Unless the trial court's attention is called in some manner to the fact that it is committing error, and given an opportunity to correct it, cases will not be reversed because of errors which could and would have been corrected in the trial court, if they had been called to its attention."); *El Paso Elec. Co. v. Real Estate Mart, Inc.*, 1982-NMCA-117, ¶ 31, 98 N.M. 570, 651 P.2d 105 ("Every error does not warrant reversal, and we will not reverse absent a showing of prejudice.").

**{5}**     Defendant devotes a substantial portion of his memorandum in opposition to his contention that Plaintiff lacked standing. [MIO 7-8, 9-14] However, as we explained, [CN 5-6] as a homeowners' association Plaintiff made a prima facie showing of entitlement to pursue the underlying action to collect assessments which Defendant had failed to

pay. [RP 217-22] *See, e.g., Allen v. Timberlake Ranch Landowners Ass'n.*, 2005-NMCA-115, 138 N.M. 318, 119 P.3d 743 (illustrating the authority of property owners' associations to collect assessments). *See generally Los Vigiles Land Grant v. Rebar Haygood Ranch, LLC*, 2014-NMCA-017, ¶ 20, 317 P.3d 842 (observing that where the evidence in the record indicated that the plaintiff organization had standing, and where there was no evidence in the record to the contrary, the defendant's unsupported standing argument did not provide a basis for attack on appeal). We further note that Defendant did not file a timely response to Plaintiff's motion for summary judgment. [RP 266-67] Under the circumstances, we perceive no error. *See generally Freeman v. Fairchild*, 2018-NMSC-023,¶ 21, 416 P.3d 264 ("[T]he district court may grant summary judgment if the moving party has made a prima facie case of entitlement to summary judgment and the non-moving party has failed to respond despite adequate notice and opportunity to be heard.").

**{6}**     We understand Defendant to argue that a "stack of exhibits" [MIO 11] that he submitted in association with his later-filed motion for reconsideration presented a genuine issue of material fact as to Plaintiff's standing. [MIO 9-13] However, because the record before us does not reflect that the district court actually exercised its discretion to consider these new materials, [RP 289] they present no basis for relief on appeal. See *Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 9, 135 N.M. 423, 89 P.3d 672 (explaining that where the defendants moved for reconsideration of an award of summary judgment, filing nearly 100 pages of documentation, most of which were not previously filed, the trial court was within its discretion to refuse to consider the additional materials; and insofar as the trial court was acting within its discretion in refusing to consider the materials, we will not consider the additional materials submitted with the motion for reconsideration); *cf. Rivera v. Trujillo*, 1999-NMCA-129, ¶ 19, 128 N.M. 106, 990 P.2d 219 (affirming that the trial court may use its discretion not to consider untimely presented materials filed with a motion to reconsider).

**{7}**     Defendant further argues that Plaintiff should have been required to provide additional information and substantiation relative to the assessment(s) and/or fine(s) that Plaintiff claimed to have been due, in conformity with one or more statutory provisions pertaining to homeowners' associations generally. [MIO 16-18] We recognize that these provisions, if invoked in a clear and timely fashion, might have entitled Defendant to receive additional information. However, we fail to see how they bear upon the propriety of the disposition rendered below. As we previously observed in the notice of proposed summary disposition, [CN 6-7] Plaintiff submitted an affidavit in support of its motion for summary judgment, and as a duly sworn statement by an individual with knowledge, the affidavit supplied meaningful support for Plaintiff's motion, which Defendant was obligated to refute in a timely and intelligible fashion with affidavits of his own. *See generally* Rule 1-056(E) NMRA. Once again, in light of Defendant's failure to respond to the motion for summary judgment, we perceive no error. *See Freeman*, 2018-NMSC-023,¶ 21 ("[T]he district court may grant summary judgment if the moving party has made a prima facie case of entitlement to summary judgment and the non-moving party has failed to respond despite adequate notice and opportunity to be heard.").

**{8}** Finally, Defendant takes issue with a reference to a "material mans lien," and suggests that an order entered by a different judge or judges in an apparently separate case should be regarded as "case law" which somehow "barred" Plaintiff's "retaliatory and capricious" actions in this case. [MIO 18] Because the argument is both incomprehensible and unsupported by citation to illuminating authority of any kind, we decline to consider it further. *See generally Headley*, 2005-NMCA-045, ¶ 15, (explaining that this Court has no duty to review arguments that are not adequately developed with facts, citation to the record, and authority).

**{9}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{10}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**KRISTINA BOGARDUS, Judge**