This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39381**

**ISMAEL ACOSTA,**

Plaintiff-Appellant,

v.

**GUSTAVO MONTOYA and STATE FARM INSURANCE COMPANY,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Anthony J. Ayala
Albuquerque, NM

for Appellant

Alcaraz Law, P.A.
Jason R. Alcaraz
Jordi Kandarian
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Plaintiff appeals from a district court order granting summary judgment in favor of Defendants. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

**{2}** Plaintiff challenges the district court's order granting summary judgment because Plaintiff's lawsuit should have been brought as a counterclaim in a prior litigation involving Defendant Montoya as the Plaintiff. "Summary judgment is appropriate where

there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.* "Similarly, we review de novo the district court's determination of whether our compulsory counterclaim rule, Rule 1-013(A) [NMRA], or res judicata bars a party's claims." *Computer One, Inc. v. Grisham & Lawless P.A.*, 2008-NMSC-038, ¶ 11, 144 N.M. 424, 188 P.3d 1175.

**{3}** Here, Plaintiff and Defendant Montoya were involved in a car accident that occurred in January 2018. [RP 55] As a result of the accident, Montoya sued Plaintiff in a complaint filed in June 2018, with Plaintiff filing no counterclaims in response. [RP 55] Plaintiff filed the current complaint in November 2018, while the prior action was still pending. [RP 1] The prior action was settled and dismissed in January 2019. [RP 55]

**{4}** We conclude that the district court correctly determined that Plaintiff's claims in the current action are barred by the compulsory counterclaim rule stemming from the prior litigation. *See* Rule 1-013(A); *Slide-A-Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces*, 1987-NMSC-018, ¶¶ 8-11, 105 N.M. 433, 733 P.2d 1316 (recognizing that under Rule 1-013(A), the affirmative defense of res judicata is available where an issue has been expressly raised or is logically related to the subject matter of the prior litigation).

**{5}** Plaintiff claims that Defendant waived the compulsory counterclaim/res judicata defense because it is an affirmative defense that should have been raised in the answer to the complaint. *See Xorbox v. Naturita Supply Co.*, 1984-NMSC-062, ¶ 9, 101 N.M. 337, 681 P.2d 1114 (noting that affirmative defenses must be raised in responsive pleading to complaint). However, Plaintiff did not raise this argument in his response to the motion for summary judgment. [RP 73] Instead, he waited until he filed his motion to reconsider the order granting summary judgment. [RP 109] We review the district court's order denying this motion for an abuse of discretion. *See Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 35, 148 N.M. 627, 241 P.3d 628 ("We review the denial of a motion to reconsider for abuse of discretion."). We will not find an abuse of discretion unless (1) the district court's ruling can be characterized as "clearly untenable or not justified by reason[,]" or (2) "the court's ruling exceeds the bounds of all reason or is arbitrary, fanciful or unreasonable." *Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 39, 146 N.M. 698, 213 P.3d 1127 (internal quotation marks and citations omitted). Our calendar notice proposed to hold that the district court did not abuse its discretion in denying Plaintiff's motion.

**{6}** Plaintiff's memorandum in opposition argues that Defendants intentionally and strategically held off on raising the compulsory counterclaim argument until after the first lawsuit was dismissed. [MIO 6] Plaintiff also claims, somewhat contradictorily, that Defendants should not have the benefit of dismissal because they allowed the present suit to continue long after they could have raised their affirmative defense. [MIO 6-8] However, under our deferential standard of review, and in light of the unusual factual pattern that this case presents, we conclude that the district court did not abuse its discretion in concluding that Plaintiff's new argument was insufficient to set aside the

summary judgment order. *See Nance v. L. J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶ 26, 138 N.M. 851, 126 P.3d 1215 (holding that there was no abuse of discretion in denying a motion for reconsideration on the basis of a new legal theory where the theory was raised for the first time in the motion for reconsideration); *see also Wilde*, 2010-NMCA-085, ¶¶ 35-38 (explaining that there is no abuse of discretion when the district court denies a motion for reconsideration where a party presents previously available evidence); *Rivera v. Trujillo*, 1999-NMCA-129, ¶¶ 17, 19, 128 N.M. 106, 990 P.2d 219 (stating that in denying a motion to reconsider, the district court properly exercised its discretion not to consider deposition testimony previously available to the moving party).

**{7}** For the reasons set forth above, we affirm.

**{8}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**