This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42158**

**MARTIN SANCHEZ, Individually and as Personal Representative for the ESTATE OF CLIFFORD SANCHEZ; PHIL S. SANCHEZ, as Personal Representative for the ESTATE OF PHIL E. SANCHEZ; and STEVEN SANCHEZ, Individually,**

Plaintiffs-Appellants,

v.

**ESSENTIA INSURANCE COMPANY,**

Defendant-Appellee,

and

**JOSE LUJAN, GILBERT SANCHEZ, and HAGERTY INSURANCE AGENCY, LLC,**

Defendants,

and

**CENTRAL MUTUAL INSURANCE COMPANY,**

Plaintiff-In-Intervention,

v.

**JOSE LUJAN; GILBERT SANCHEZ; MARTIN SANCHEZ, Individually and as the Personal Representative for the ESTATE OF CLIFFORD SANCHEZ;**

**PHIL SANCHEZ; and STEVEN SANCHEZ,**

Defendants,

and

**JOSE LUJAN; GILBERT SANCHEZ;**
**MARTIN SANCHEZ, Individually and**
**as the Personal Representative for the**
**ESTATE OF CLIFFORD SANCHEZ;**
**PHIL SANCHEZ; and STEVEN SANCHEZ,**

Counterplaintiffs-in-Intervention,

v.

**CENTRAL MUTUAL INSURANCE**
**COMPANY,**

Counterdefendant-in-Intervention.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Francis J. Mathew, District Court Judge**

Sanchez Law Firm
Dennis T. Sanchez
Taos, NM

Cruz Law Office, LLC
Ernestina R. Cruz
Taos, NM

De Stafano Law Firm, LLC
Richard De Stafano
Markus Kolber
Taos, NM

for Appellants

Gordon Rees Scully Mansukhani, LLP
Michelle A. Hernandez
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Plaintiffs appeal from the district court's order granting Defendant Essentia Insurance Company's (Essentia) motion for summary judgment. We issued a calendar notice proposing to reverse based on the existence of evidentiary facts that would require a trial on the merits. [CN 5] Essentia has filed a memorandum in opposition to our proposed disposition. Having duly considered that memorandum, we are unpersuaded, and we reverse and remand this case to the district court for further proceedings.

**{2}** This case centers on whether there was a genuine issue of material fact regarding whether Gilbert Sanchez (Gilbert) was in, or leaning on, Jose Lujan's vehicle when Gilbert fired his gun. [CN 3] *See* Rule 1-056 NMRA; *see also Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 9, 335 P.3d 1243 ("This Court's review of orders granting or denying summary judgment is de novo."). Essentia's memorandum in opposition directs our attention to the investigating officer's testimony that Gilbert had the driver "turn off the truck because the truck was loud and it was shaking, which lead [sic] me to believe that he was touching the truck if it was causing him to shake." [MIO 6] According to Essentia, that testimony was not admissible because "'belief' is not admissible evidence" and because there was nothing in the record to indicate the officer was qualified to render an expert opinion on testimony not based on personal knowledge. [MIO 6-7] In support of this argument, Essentia cites to the rules relevant to hearsay. [MIO 7] Nothing in those rules, however, suggests that the testimony at issue would be inadmissible as hearsay. *See* Rule 11-801(D)(2) NMRA (recognizing that an opposing party's statement is not hearsay); *State v. Johnson*, 1983-NMSC-043, ¶ 17, 99 N.M. 682, 662 P.2d 1349 (affirming the "longstanding rule" that testimony offered to establish an effect upon the listener is admissible nonhearsay). Insofar as Essentia also cites to case law suggesting this testimony is not "competent evidence," we are unpersuaded. [MIO 5] *Compare Galvan v. City of Albuquerque*, 1973-NMCA-049, ¶ 5, 85 N.M. 42, 508 P.2d 1339 (stating that an expert opinion that is not accompanied by "a satisfactory explanation as to how [they] arrive[d] at [that] opinion . . . is not competent evidence" (citations omitted)), *with* Rule 11-701 NMRA (providing that lay witness testimony in the form of an opinion is allowed when: "rationally based on the witness's perception"; "helpful to clearly understand[] the witness's testimony or to determine a fact in issue"; and "not based on scientific, technical, or other specialized knowledge").

**{3}** Essentia also asserts that the evidence "all place[s] Gilbert away from the truck when he shot his rifle" and that "no other factual scenarios" exist that would preclude summary judgment. [MIO 8] That assertion fails to recognize the investigating officer's testimony that his investigation led him to believe Gilbert was touching the truck when he took the shot or his acknowledgement that the parties present at the incident had conflicting stories regarding whether Gilbert was outside the truck when he fired. [CN 5] As we recognized in our proposed disposition, there was also testimony from law enforcement that no evidence—such as footprints or shell casings—was found in the area away from the vehicle where, according to Essentia, Gilbert was standing when he fired his gun. [CN 5] In addition, Gilbert's affidavit states that he "may have leaned his

left side against the open door of . . . [the] vehicle as he took a shot because he could recall telling [the driver] to turn off the truck because it was shaking." [CN 5]

**{4}**     Essentia asserts that Gilbert's use of equivocal language in his affidavit, executed eight years after the incident, was intended "to create a sham issue of fact" and therefore "lacks the strength necessary to create a genuine dispute of material fact sufficient to defeat summary judgment." [MIO 8-10] In support of this assertion, Essentia relies on *Rivera v. Trujillo*, 1999-NMCA-129, ¶ 9, 128 N.M. 106, 990 P.2d 219. *Rivera* is factually distinguishable from this case. In *Rivera*, this Court concluded that an affidavit failed to create a genuine dispute of fact where an individual's deposition demonstrated a certain understanding of a term's meaning, while the subsequent affidavit denounced any such understanding and claimed the deposition testimony had been based on a misunderstanding of the term's meaning. *Id.* ¶ 12. Here, Gilbert's affidavit does not expressly attempt to renege his prior statements, but rather acknowledges some degree of uncertainty in his recollection after a lengthy passage of time. We therefore decline Essentia's invitation to determine the credibility of Gilbert's statements by concluding that the affidavit lacks the strength necessary to create a genuine dispute of material fact sufficient to defeat summary judgment. *See Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 22, 135 N.M. 539, 91 P.3d 58 ("A court reviewing a summary judgment motion may not weigh the evidence or pass on the credibility of the witnesses.").

**{5}**     We conclude that the evidence in this case—viewed in the light most favorable to Plaintiffs with all reasonable inferences drawn in support of a trial on the merits—was sufficient to support two logical but conflicting inferences regarding whether Gilbert was leaning against the vehicle when he fired his gun. *See Upton v. Clovis Mun. Sch. Dist.*, 2006-NMSC-040, ¶ 7, 140 N.M. 205, 141 P.3d 1259; *Castro v. Jones Contractors, Inc.*, 2024-NMCA-014, ¶ 10, 541 P.3d 182 ("[W]here the basic facts are undisputed, if equally logical but conflicting inferences can be drawn from the facts, summary judgment should be denied." (internal quotation marks and citation omitted)). As such, Essentia's memorandum in opposition has not persuaded us that our proposed disposition was based upon any error of fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (holding that "in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law").

**{6}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse the district court's grant of summary judgment and remand for further proceedings.

**{7}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**