This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PATRICIA M. RAMIREZ and EUGENIO C. RAMIREZ, Husband and Wife, BALDAMAR GONZALES and JOHNNY GONZALES,**

Plaintiffs-Appellees,

v.                                                                    NO. 33,777

**REYNALDO VALENCIA, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Sommer Karnes & Associates, LLP
Karl H. Sommer
James R. Hawley
Santa Fe, NM

for Appellees

Cassutt, Hays & Friedman, P.A.
Susan C. Baker
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant Reynaldo Valencia, Jr. appeals the district court's entry of summary judgment in Plaintiffs' favor on their claims for declaratory and injunctive relief based on a claimed easement by prescription. We reverse.

**I.     BACKGROUND**

{2}     The parties all own or occupy property along a road in Glorieta, New Mexico called "Camino Luis." Plaintiff Johnny Gonzales owns 6 & 8 Camino Luis. Plaintiff Baldamar Gonzales owns and occupies 07A Camino Luis, which lies immediately to the West of 8 Camino Luis. Defendant Reynaldo Valencia owns 1 and 3 Camino Luis, property immediately to the Northwest of Johnny Gonzales's two properties. Camino Luis intersects an adjacent county road and crosses Defendant's land before it reaches Plaintiffs' properties.[1]

{3}     When Defendant installed locked gates across Camino Luis, Plaintiffs filed a complaint and an application for a temporary restraining order. The complaint alleges that there is a twenty-foot express easement appurtenant for ingress and egress to and from Plaintiffs' property across Defendant's property; or that Plaintiffs' historical and continuous use of Camino Luis to access their property established their right to an

---

[1]Plaintiffs allege that Camino Luis is the *only* way to reach their property, but this issue is only relevant to their claim for an easement by necessity, which was not decided by the district court and therefore does not concern us in deciding this appeal.

easement by prescription over Defendant's property; or that Plaintiffs hold an implied easement by necessity for the purpose of ingress and egress to their properties. The parties submitted conflicting affidavits averring facts related to the historic and present use of Camino Luis. We discuss pertinent facts where relevant to our disposition.

{4}     The district court entered a temporary restraining order requiring Defendant to unlock, open, and leave open the gates. The district court then converted the temporary restraining order into a preliminary injunction. Plaintiffs next filed a motion for summary judgment, seeking also a permanent injunction barring Defendant from blocking ingress and egress to Plaintiffs' property by use of Camino Luis. Plaintiffs argued that there was no genuine dispute as to any material fact establishing their right to an express easement and an easement by prescription along Camino Luis where it crosses Defendant's property.

{5}     The district court orally granted Plaintiffs' motion at the end of its hearing, concluding that Plaintiffs had demonstrated that they held an easement by prescription over the portion of Camino Luis that crosses Defendant's property. In its written order, the district court made the following findings:

> 4.     A Plat of Survey recorded on August 6, 1980 in the records of Santa Fe County . . . shows a [twenty]-foot ingress and egress easement . . . from the County Road across what is now [Defendant's] property[.]

3

5. Plaintiffs have established by clear and convincing evidence . . . that they have perfected a prescriptive right to continue using the [e]asement for ingress and egress to their properties[.]

10. Plaintiffs have also met their burden to establish their right to use the recorded [e]asement as a matter of law.

11. Defendant has failed to meet his burden under Rule 1-056 NMRA to set forth specific facts showing that there is a genuine issue for trial with respect to Plaintiffs' right to use the recorded [e]asement as a matter of law and as a matter of prescription.

{6} Based on these findings, the district court made the following conclusions of law:

a. The [twenty]-foot [e]asement shown [on the plat of survey] is a valid easement appurtenant for ingress and egress for the benefit of the [Plaintiffs'] properties[.]

b. The Plaintiffs and their tenants and invitees have established their non-exclusive prescriptive rights to continue to utilize the [e]asement for ingress and egress to Plaintiffs' properties.

The district court entered summary judgment and issued an injunction ordering Defendant to immediately remove all obstacles blocking the easement, "restore the [e]asement to its condition prior to the filing of [Plaintiffs'] lawsuit[,]" and permanently enjoined Defendant and his successors from blocking or interfering with Plaintiffs' use of Camino Luis. Defendant appeals.

**II. DISCUSSION**

**A. Standard of Review**

4

**{7}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280 (internal quotation marks and citation omitted). The party moving for summary judgment must make a prima facie showing and come forward with "such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted. The movant need not demonstrate beyond all possibility that no genuine factual issue existed." *Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 5, 111 N.M. 670, 808 P.2d 955 (citation omitted).

**{8}** Once the movant makes a prima facie showing, the party opposing summary judgment must "demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Romero*, 2010-NMSC-035, ¶ 10 (internal quotation marks and citation omitted). "A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint." *Id.* (alteration, internal quotation marks, and citation omitted). Instead, "the party opposing the summary judgment motion must adduce evidence to justify a trial on the issues." *Id.* (alteration, internal quotation marks and citation omitted).

**{9}** In reviewing an order of summary judgment, "we . . . review the whole record in the light most favorable to the party opposing summary judgment to determine if

there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. We review summary judgment de novo, resolve all reasonable inferences in favor of the non-movant, and view the pleadings, affidavits, depositions, answers to interrogatories, and admissions in a light most favorable to a trial on the merits. *Romero*, 2010-NMSC-035, ¶ 7. We do so because New Mexico courts "view summary judgment with disfavor, preferring a trial on the merits." *Id.* ¶ 8. "To determine which facts are material, the court must look to the substantive law governing the dispute[.]" *Id.* ¶ 11 (internal quotation marks and citation omitted).

**B.     Genuine Disputes of Material Fact Require a Trial in Order to Determine the Existence of an Easement by Prescription for Plaintiffs' Benefit Across Defendant's Property**

{10}     Defendant first challenges the district court's conclusion that Plaintiffs hold an easement by prescription along Camino Luis across Defendant's property. In New Mexico, "an easement by prescription is created by an adverse use of land, that is open or notorious, and continued without effective interruption for the prescriptive period [ ]of ten years[ ]." *Algermissen v. Sutin*, 2003-NMSC-001, ¶ 10, 133 N.M. 50, 61 P.3d 176. A prescriptive easement cannot grow out of permissive use. *Garmond v. Kinney*, 1978-NMSC-043, ¶ 3, 91 N.M. 646, 579 P.2d 178.

**1.     Defendant Conceded Below and Does Not Dispute on Appeal That Plaintiffs' Use of Camino Luis Was Open and Notorious**

{11} Defendant did not dispute before the district court that Plaintiffs made a prima facie showing that they had used Camino Luis openly and notoriously. Accordingly, there was no genuine issue as to whether Plaintiffs used Camino Luis openly and notoriously.

**2.  Defendant's Affidavit Failed to Create a Genuine Issue as to Whether Plaintiffs Used Camino Luis Continuously for Ten Years**

{12} In a sworn affidavit Defendant attached to his response to Plaintiffs' motion for summary judgment, Defendant asserted that Plaintiffs "have only recently began to exclusively use the Camino Luis road for access, since the development of this dispute." But it is undisputed that Defendant only owned the property that is the subject of the alleged easement since 2007. In addition, nothing in Defendant's affidavit disputes the claim that Plaintiffs and their family members have peaceably used the alleged easement as access to Plaintiffs' properties, openly and without interruption for at least forty years. We therefore conclude that Plaintiffs made a prima facie showing that there was no genuine dispute regarding their use of Camino Luis in an open and notorious manner for the prescriptive period of ten years, which Defendant failed to rebut. *See Algermissen*, 2003-NMSC-001, ¶ 10 (noting that the period of continuous use required to establish an easement by prescription is ten years).

7

**3. Defendant's Affidavit Created a Genuine Issue as to the Adversity of Plaintiffs' use of Camino Luis**

{13} Defendant argues that the district court nevertheless should have held a trial on whether Plaintiffs' use of Camino Luis was adverse and, to the extent that Plaintiffs held an easement by prescription, the scope of the easement. We agree.

{14} Plaintiffs' affidavits each contain variations of the following statement: "[n]o one ever gave us permission to use the [e]asement—we have . . . just used it for at least fifty continuous years as we pleased, in a peaceable manner, and no one ever tried to deny us access to our property over the [e]asement until Defendant . . . tried to block the easement." In an affidavit attached to his response to Plaintiffs' motion, Defendant states that "Plaintiffs have requested permission as early as 1995 to use the road" and that "[t]he Grandfather who owned property . . . subdivided the land as [a] courtesy to his children [and] allowed them to use the utility road to gain access to other property."

{15} In this regard, Defendant's affidavit is sufficient to create a genuine dispute of material fact requiring a trial. That is because the parties' evidence factually differs as to an element of the district court's ruling declaring the existence of a prescriptive easement: that of adversity. In other words, if Plaintiffs were permitted to use the road, their use of it has not been adverse. *See Kinney*, 1978-NMSC-043, ¶ 3. If Defendant's grandfather allowed Plaintiffs or their predecessors to use Camino Luis and upon

gaining ownership of his property Defendant has not revoked that permission, a trier of fact could conclude that Plaintiffs' use of Camino Luis was not adverse to Defendant's ownership and therefore did not give rise to an easement by prescription. Defendant's statement that Plaintiffs had asked for permission to use Camino Luis in 1995 is circumstantial evidence that also supports this conclusion. In short, Defendant's affidavit put an essential element of Plaintiffs' claim for an easement by prescription—the requirement of adversity—into dispute. *See id.*

{16}    Plaintiffs argue that Defendant's affidavit is a sham attempt to defeat Plaintiffs' motion for summary judgment. In *Rivera v. Trujillo*, 1999-NMCA-129, ¶ 9, 128 N.M. 106, 990 P.2d 219, we adopted the prevailing federal court rule that a district court may disregard an affidavit offered in opposition to a motion for summary judgment when the affidavit is intended "to create a sham issue of fact." *Id.* But the "[sham] affidavit" rule applies generally when the affidavit in question amounts to a "post-hoc effort[] to nullify [earlier] unambiguous admissions under oath." *Id.* ¶ 12. Although Defendant's affidavit contradicts his testimony at the hearing on Plaintiffs' motion for a preliminary injunction with respect to the Plaintiffs' use of Camino Luis, that is only so in regards to Plaintiffs' continuous use of Camino Luis, not whether their use was adverse. Accordingly, the "sham affidavit" rule does not apply to the question of

9

whether a genuine dispute of fact exists as to the adversity of Plaintiffs' use of Camino Luis.

{17} Plaintiffs also point out that an affidavit submitted in opposition to a motion for summary judgment must "put forth specific facts admissible into evidence to establish a disputed material fact." *Seal v. Carlsbad Indep. Sch. Dist.*, 1993-NMSC-049, ¶ 14, 116 N.M. 101, 860 P.2d 743. Plaintiffs argue that because Defendant was not alive when his grandfather allegedly subdivided his land and purported to give permission to Plaintiffs or their predecessors to use Camino Luis, statements to that effect in Defendant's affidavit are necessarily based on inadmissible hearsay. However, Defendant was alive when Plaintiffs purportedly asked Defendant's predecessor in interest for permission to use Camino Luis in 1995. If Defendant was privy to or participated in conversation related to Plaintiffs' 1995 request for permission to use Camino Luis, such evidence could be admissible under the Rules of Evidence, including potentially as a statement by a party opponent. *See* Rule 11-801(D)(2) NMRA. Moreover, we cannot conclude on the record before us that evidence regarding the specific factual assertion that Defendant's grandfather granted permission to Plaintiffs to use Camino Luis would be definitively inadmissible simply because Defendant was not alive at the time Defendant's grandfather subdivided the land. Defendant's sworn statement that Plaintiffs asked for permission in 1995 to use

Camino Luis is sufficient to put the issue of adversity into genuine dispute; how Defendant goes about proving the fact of permission is not necessarily limited to the evidence he presented in opposition to Plaintiffs' motion for summary judgment. *See Seal*, 1993-NMSC-049, ¶ 14 ("The form of summary judgment evidence itself does not have to meet the requirements of admissibility for trial evidence, but the substance of the evidence must be of a type that can be admitted at trial." (emphasis omitted)).

**4.     If Plaintiffs Prove the Existence of an Easement by Prescription at Trial, the District Court Should Take Evidence Regarding the Easement's Scope**

{18}     Defendant argues that even if Plaintiffs enjoy an easement by prescription over Defendant's property, genuine issues of material fact require a trial as to the scope of the easement. Because we have already concluded that genuine issues of material fact preclude summary judgment on Plaintiffs' underlying claim for an easement by prescription, we need not address this argument. However, we note that "[t]he extent of an easement created by prescription is fixed by the use through which it was created." *Cunningham v. Otero Cty. Elec. Coop., Inc.*, 1992-NMCA-116, ¶ 15, 114 N.M. 739, 845 P.2d 833 (internal quotation marks and citation omitted); *see also* Restatement (Third) of Property: Servitudes § 4.8 (2000) ("Except where the location and dimensions are determined by the instrument or circumstances surrounding creation of a servitude, . . . [t]he dimensions are those reasonably necessary for enjoyment of the servitude."). If Plaintiffs establish by clear and convincing evidence

11

the existence of an easement by prescription over Defendant's property, the trier of fact should also determine the scope of the easement to the extent that it is contested by the parties. *See Dethlefsen v. Weddle*, 2012-NMCA-077, ¶ 36, 284 P.3d 452 (remanding for trial the question of an easement's scope).

**C.      Plaintiffs Failed to Make a Prima Facie Showing of the Existence of an Express Easement Appurtenant**

{19}     At the end of its hearing on Plaintiffs' motion for summary judgment, the district court orally granted the motion, stating that "the Plaintiffs have established a prescriptive easement over the property by the facts that were undisputed by affidavits in accordance with Rule 1-056." But in its written order granting Plaintiffs' motion (prepared by Plaintiffs at the district court's request), the district court added also that a plat of survey recorded on August 6, 1980, "shows a [twenty]-foot ingress and egress easement . . . from the County Road across what is now Defendant['s] property . . . terminating at 8 Camino Luis." Defendant appeals this finding also.

{20}     In our notice of proposed summary affirmance, we relied on the district court's written order and proposed to conclude that the 1980 plat of survey provided a basis to affirm the district court's order, reasoning that "it is undisputed that Plaintiffs established that the plat of survey . . . shows a twenty-foot ingress and egress easement across Defendant's property for the benefit of Plaintiffs' property." In their

12

answer brief, Plaintiffs likewise appear to argue that the 1980 plat of survey provided undisputed evidence that Camino Luis was an express easement.

**{21}** Defendant argues that the 1980 plat of survey was insufficient to make a prima facie showing that Plaintiffs were entitled to summary judgment on their claim for an express easement, and we agree. An express easement is created by a "grant or reservation"—in other words, an agreement between the owner of the burdened estate and the easement holder. *Dyer v. Compere*, 1937-NMSC-088, ¶ 12, 41 N.M. 716, 73 P.2d 1356; *see also* Restatement (Third) of Property: Servitudes § 2.1(1)(a) (2000) ("A servitude is created . . . if the owner of the property to be burdened . . . enters into a contract or makes a conveyance intended to create a servitude[.]"). But the plat of survey—recorded well after Plaintiffs allege they began using the easement—is not a contract or conveyance so it does not establish the existence of an express easement. Accordingly, the plat of survey cannot by itself serve as a basis for granting summary judgment in Plaintiffs' favor on their claim for an express easement.

**{22}** Plaintiffs argue that the plat of survey put Defendant on constructive notice of the existence of the easement because it was recorded in the county registry. *See* NMSA 1978, § 14-9-2 (1886-87) (providing that all recorded instruments affecting title to real estate "shall be notice to all the world of the existence and contents of the instruments so recorded from the time of recording."). But this just begs the question

13

as to the existence of an express easement; in any case, this rule only applies to documents recorded within a purchaser's chain of title. *City of Rio Rancho v. Amrep Sw., Inc.*, 2011-NMSC-037, ¶ 43, 150 N.M. 428, 260 P.3d 414. There is no evidence that the plat of survey was recorded in the chain of title to Defendant's property (as opposed to one of the estates benefitting from the easement). As such, the plat is at best circumstantial evidence of Plaintiffs' open and notorious use of Camino Luis and the scope of their easement by prescription (assuming the elements of an easement by prescription are proven at trial). But the central question in this appeal is whether Plaintiffs' use was adverse to Defendant's interest in his property on Camino Luis. Since that question of fact is disputed (and the plat of survey does not put that fact beyond any genuine dispute), the district court should not have granted summary judgment.

## III.     CONCLUSION

{23}     The judgment of the district court is reversed, and this case is remanded for further proceedings.

{24}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

14

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**